United States District Court
Southern District of Texas
**ENTERED**
June 14, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| ALEX ADAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00103 |
| | § | |
| TEXAS BOARD OF PARDONS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Alex Adams ("Petitioner"), proceeding *pro se*, has filed this petition pursuant to 28

U.S.C. § 2254.  Petitioner is a prisoner in the Texas Department of Criminal Justice –

Correctional Institutions Division, currently housed at the McConnell Unit in Beeville, Texas.

Petitioner has not complied with court orders to supply an inmate trust fund account and has

provided insufficient facts to support his allegation that he is being prevented from doing so.

On April 17, 2023, the Clerk notified Petitioner that he must send the Court a certified

copy of his inmate trust fund account history containing the deposits and monthly balances for

the six-month period preceding the filing of this lawsuit, and to do so on or before May 18, 2023.

(Doc. No. 3, p. 1.)  The notice warned Petitioner that failure to comply on time may result in

dismissal of this case for want of prosecution.  *Id.* (citing Fed. R. Civ. P. 41(b)).  Because

Petitioner had not complied with the April 17 notice to provide the trust fund account

information, and because he claimed that he was being prevented from obtaining such

information, the Court ordered, on May 22, 2023, Petitioner to submit a signed affidavit by June

5, 2023, describing, in detail, what actions Petitioner had taken to obtain his trust fund account

from the law library and why he believed he was not able to obtain the information.  (Doc. No. 9.)

Petitioner has not filed the required affidavit or the required trust fund account information.  Instead, on June 2, 2023, Petitioner filed a "motion to [subpoena] grievance."[1] (Doc. No. 10.)  In that filing, Petitioner merely repeats, without factual support or detail, his assertion that he has been unable to obtain the trust fund account information.  (Doc. No. 10.) He states that he filed a number of grievances to "get seven data sheets."  *Id.*  Petitioner references an affidavit he submitted in case number 2:23-cv-00076, which the undersigned previously found to be insufficient in detailing Petitioner's steps in obtaining his trust fund account information.  *See Adams v. U.S. Postal Serv.*, No. 2:23-CV-00076, Doc. No. 30 (S.D. Tex. May 4, 2023).  Petitioner still has not sufficiently described how he requested the trust fund account information, on what date he had made any such request from the unit law library, or provide any other relevant information to support his claim that the jail is preventing him from obtaining his trust fund information, rather than Petitioner's own failure to properly request the information.  *See id.*  The Court finds Petitioner's explanation for his alleged inability to obtain a trust fund account statement is insufficient and finds that Petitioner has not complied with the Court's April 17 or May 22 orders.

Petitioner knows full well how to obtain his trust fund account information.  The undersigned advised Petitioner that he may request this information from the unit law library. (Doc. No. 6, p. 1.)  Additionally, Petitioner has submitted his trust fund account information in many other lawsuits he has filed.  *E.g.*, *Adams v. Tex. DNA Mixture Review Project*, No. 4:18-

---

[1] On the same date, Petitioner also separately filed a "motion for fatal variance and motion for appeal bond."  (Doc. No. 11.)

CV-04205, Doc. No. 2, p. 3 (S.D. Tex. Oct. 26. 2018); *Adams v. Davis*, No. 4:17-CV-00576, Doc. No. 15 (S.D. Tex. Oct 2, 2017); *Adams v. Lumpkin*, No. 4:21-CV-03920, Doc. Nos. 11, 19 (S.D. Tex. Nov. 7, 2022); *Adams v. Lumpkin*, No. 4:22-CV-00764, Doc. No. 3 (S.D. Tex. Mar. 7, 2022); *Adams v. Lumpkin*, No. 4:22-CV-03115, Doc. No. 3 (Sept. 12, 2022).  Petitioner has had at least two other lawsuits dismissed in the past three months for failing to provide required inmate trust fund account statements.  *See Adams v. Shelby*, No. 4:23-CV-00622, Doc. No. 12 (S.D. Tex. Apr. 11, 2023) (Hittner, J.); *Adams v. Lumpkin*, No. 4:23-CV-01437, Doc. No. 8 (S.D. Tex. June 9, 2023) (Rosenthal, J.).

The undersigned has twice warned Petitioner that his action would be dismissed for want of prosecution if he failed to comply with court orders.  *See* Doc. Nos. 3, 9.  A district court may dismiss a case for failure to prosecute or comply with court orders.  Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant.").  Here, Petitioner has failed to comply with the undersigned's order to submit a trust fund account statement and provides merely an inadequate explanation regarding his failure to comply.  Therefore, the undersigned recommends that Petitioner's case be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

Further, the undersigned recommends that all remaining pending motions (Doc. Nos. 5, 7, 10, and 11) be **DENIED** as moot.

SIGNED on June 14, 2023.

MITCHEL NEUROCK
United States Magistrate Judge

## NOTICE

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).