United States District Court
Southern District of Texas
**ENTERED**
August 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALEX ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00103 |
| | § | |
| TEXAS BOARD OF PARDONS, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Petitioner Alex Adams, appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. D.E. 1. Adams sought to proceed *in forma pauperis* (IFP) in this case, which requires that he send the Court a certified copy of his inmate trust fund account history containing the deposits and monthly balances for the six-month period preceding the filing of this lawsuit. 28 U.S.C. § 1915.

On April 17, 2023, the Clerk notified Adams of this requirement and warned him that a failure to comply within 30 days would result in a dismissal for want of prosecution. D.E. 3 (citing Fed. R. Civ. P. 41(b)). On May 22, 2023, United States Magistrate Judge Mitchel Neurock ordered Adams to comply with the IFP requirements and warned him that a failure to do so by June 5, 2023, would result in this action being dismissed for want of prosecution. D.E. 9 (citing Fed. R. Civ. P. 41(b)). Adams failed to comply with this order, and on June 14, 2023, Magistrate Judge Neurock issued a Memorandum and

Recommendation (M&R, D.E. 12), recommending that the Court dismiss all of Adam's claims. Adams timely filed his objections (D.E. 13, 16), each of which is addressed below.

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R), *overruled on other grounds Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).[1] As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

In his first objection, Adams cites *Slack v. McDaniel*, 529 U.S. 473 (2000), to assert that he should have been issued a Certificate of Appealability (COA).[2] D.E. 13, p. 1. To be granted a COA on a procedural issue, a petitioner must show that jurists of reason would

---

[1] *See also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) (discussing pro se petitioner's objections to M&R) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Jones v. Hamidullah*, No. 2:05-2736, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting a pro se petitioner's M&R objections were "on the whole . . . without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [M&R]."). In explaining the policy supporting this rule, the Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

[2] Adams also cites unconfirmed habeas statutes related to second and successive habeas petitions and the exhaustion of state remedies. Nothing in the M&R's analysis relied on these considerations so the Court will disregard these statements. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (to be considered, the objection must point out with particularity the error in the magistrate judge's analysis).

find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. There is no debate that Adams was required to submit a certified copy of his trust fund account statement in order to proceed IFP under 28 U.S.C. § 1915 and he failed to do so. Adams is therefore not entitled to a COA on this issue and this objection is **OVERRULED**.

Second, Adams claims that the Court did not receive his affidavit and that he could not comply with Magistrate Judge Neurock's order because the law library is going through his mail and taking things. D.E. 13, p. 2. Adams filed a new affidavit in support of his objections and repeats the same complaints regarding the mail room and law library without explaining the steps he has taken to obtain his inmate trust fund account history. D.E. 16. Adams directs the court to a similar affidavit in a different case he filed: *Adams v. United States Postal Serv.*, No. 2:23-CV-00076, D.E. 24 (S.D. Tex. May 4, 2023). *Id.* at p.1. Yet, the Court previously found that this affidavit did not sufficiently explain Adams's steps in obtaining his inmate trust fund account history, and the Court dismissed that case too. *Adams v. United States Postal Serv.*, No. 2:23-CV-00076, D.E. 63 (S.D. Tex. July 19, 2023). Adams's new affidavit still does not sufficiently explain why he cannot comply with the requirements of 28 U.S.C. § 1915 or Magistrate Judge Neurock's orders.

Magistrate Judge Neurock has given Adams explicit instructions on how to obtain the requisite documentation to proceed IFP, but he has failed to comply. And as Magistrate Judge Neurock stated, Adams has successfully fulfilled this requirement in other, recent

filings and should therefore have no problem doing so here. *See* D.E. 12, pp. 2–3. Adams has not submitted the required documentation to support his IFP request, nor has he sufficiently explained his reasons for not doing so. His second objection is therefore **OVERRULED**.

Adams has also included other complaints regarding the mail system and a discussion of his actual innocence claim. These statements do not address his noncompliance with Magistrate Judge Neurock's order and the requirements to proceed IFP. These statements are therefore irrelevant and disregarded. *See Malacara,* 353 F.3d at 405.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Adams's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Adams's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED** in its entirety and Adams's pending motions are all **DENIED** as moot.

**ORDERED** on August 30, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE